UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| NATHAN ANDREW BRYANT,<br><br>    Plaintiff,<br><br>v.<br><br>DEPARTMENT OF THE ARMY (DOA),<br><br>    Defendant. | Civil No. 11-1069 (DWF/SER)<br><br><br>**REPORT AND RECOMMENDATION** |

    This matter is before the undersigned United States Magistrate Judge on the application of Plaintiff Nathan Andrew Bryant for leave to proceed *in forma pauperis*, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). (Docket No. 2.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

    An IFP application will be denied, and the action will be dismissed, when the plaintiff has filed a complaint that fails to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (*per curiam*).

    To state an actionable claim for relief, a plaintiff must allege a set of specific historical facts, which, if proven true, would entitle the plaintiff to some redress against the named defendant(s) under some cognizable legal theory. *See Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view *pro se* pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts,

which if true, state a claim as a matter of law"). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). The facts supporting a plaintiff's claims must be clearly alleged. Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004).

In this case, Plaintiff is attempting to sue the United States Department of the Army. As far as the Court can tell, Plaintiff is alleging that he was discharged from the Army at some time in the past. Plaintiff's complaint includes several references to the Army's "Don't Ask – Don't Tell" policy, and several allusions to homosexual activities. Thus, it appears that Plaintiff might be claiming he was discharged from the Army for violating the "Don't Ask – Don't Tell" policy. However, the complaint is devoid of any clear and cogent explanation of Plaintiff's military service, (if any), or the reasons for his departure from the military, (if that actually occurred). Indeed, Plaintiff's complaint is, for the most part, simply incomprehensible.

A complaint fails to state a cause of action if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). Plaintiff's current complaint does not meet this standard. The complaint is plainly inadequate, because it does not present a clear, comprehendible and credible description of specific acts or omissions by the named Defendant. Plaintiff has presented only vague and conclusory allegations; he has not presented an intelligible description of any **specific historical events**, showing what the named Defendant actually did, or failed to do, that has

caused Plaintiff to sue Defendant.  Thus, the Court finds that Plaintiff's complaint fails to state a cause of action on which relief can be granted.

The Court further finds that Plaintiff's complaint must be dismissed because the only named Defendant, Department of the Army, is an agency of the federal government that is immune from suit under the doctrine of sovereign immunity.  *Manypenny v. United States*, 948 F.2d 1057, 1063 (8th Cir. 1991).  *See also Laswell v. Brown*, 683 F.2d 261, 268 (8th Cir. 1982), ("[t]he United States and its agencies are not proper defendants because of sovereign immunity"), *cert. denied*, 459 U.S. 1210 (1983).  Under the doctrine of sovereign immunity, the United States and its agencies can be sued only if, and to the extent that, the protections of sovereign immunity have been formally waived.  *Manypenny*, 948 F.2d at 1063.  Moreover, any such waiver of immunity must be "expressed unequivocally" by Congress.  *Id.*

Plaintiff has not shown that the federal government has waived its immunity from the claims that he is attempting to assert against the named Defendant.  Plaintiff has not cited, (nor is the Court independently aware of), any express congressional authorization for the lawsuit that Plaintiff is attempting to bring here.  Therefore, this action is barred by the doctrine of sovereign immunity.  *See Ruderer v. United States*, 462 F.2d 897, 898 (8th Cir. 1972) ("The sovereign immunity doctrine, which is rooted in the concept that the king can do no wrong, precludes suits against the United States unless the United States waives its immunity by consenting to be sued....  Since the United States did not waive its immunity in the present suit, the suit was not within the jurisdiction of the district court.") (citations

omitted).[1]

For the reasons discussed above, the Court recommends that Plaintiff's IFP application be denied, and that this action be summarily dismissed, pursuant to § 1915(e)(2)(B)(ii). Having determined that this action should be summarily dismissed, the Court further recommends that Plaintiff's anomalous motion entitled "Motion to File in Conjunction with United States District Court – District of Minnesota Case, Nathan Andrew Bryant, M.S.Ed. v. National Security Agency (NSA) Case Number: 10-CV-4788," (Docket No. 3), be summarily denied.

RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed *in forma pauperis*, (Docket No. 2), be **DENIED**;

2. Plaintiff's "Motion to File in Conjunction with United States District Court – District of Minnesota Case, Nathan Andrew Bryant, M.S.Ed. v. National Security Agency (NSA) Case Number: 10-CV-4788," (Docket No. 3), be **DENIED**; and

---

[1] *Ruderer* also affirms that federal courts can act to protect themselves from vexatious litigants, by restricting their ability to file new cases. *See Ruderer*, 462 F.2d at 899 ("Appellant has had his day in court; in this day of burgeoning court calendars, he must be restrained if others are to have theirs"). This principle is applicable here, because of Plaintiff's recent litigation history. The Court notes that Plaintiff has filed several other actions in this District during the past year, and it appears that none of them has survived initial screening. Given Plaintiff's inauspicious litigation record, it may soon be necessary to impose some restrictions on his ability to file more actions in this District in the future. Although this Court will not recommend that such restrictions be imposed at this time, Plaintiff is now forewarned that if he files more defective lawsuits in the future, he may lose his right of unfettered access to the federal court.

    3.  This action be summarily **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: April 29, 2011

                                          *s/Steven E. Rau*
                                          STEVEN E. RAU
                                          United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by June 1, 2011, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.